## FAIN et al. v. BALKEN et al.

### No. 2686.

Court of Civil Appeals of Texas. Eastland.

Nov. 5, 1948.

Rehearing Denied Nov. 26, 1948.

Bullington, Humphery & Humphery and M. E. McCullough, all of Wichita Falls, and McMahon, Springer & Smart, of Abilene, for appellants.

Scarborough, Yates, Scarborough & Black and Grisham & King, all of Abilene, and Nelson, Montgomery & Robertson, of Wichita Falls, for appellees.

LONG, Justice.

R. E. Harris is the owner of the west one-half of Subdivision No. 30 and the west one-half of Subdivision No. 19, Grimes County School Land, situated in Taylor and Jones Counties. Appellants were the owners of an oil and gas lease on No. 30. Appellees had a lease on No. 19. Appellees drilled a producing oil well which was near the boundary of the two leases. Balken et al. brought this suit and alleged the well was located on No. 19. Appellants in their answer alleged it is located on No. 30. The jury found that the well was located on No. 19 and that Balken drilled the well in good faith. Judgment was for plaintiffs and Fain et al. have appealed.

In various ways appellants challenged the sufficiency of the evidence to sustain the finding of the jury that the well was located on No. 19. They contend that under the law applicable to priorities among surveying calls the well could be found to be only on Subdivision No. 30. Grimes County School Land, League 124, was surveyed in 1855. It was 5,000 varas square. The land was subdivided in 1887 into thirty subdivisions containing approximately 160 acres each. Subdivision No. 30 is located in the northeast corner of the original survey, and Subdivision No. 19 lies immediately south of Subdivision No. 30. John A. White, County Surveyor of Taylor County, made the location for the Balken well. He testified that he was unable to find any of the original markers called for by the surveyor who laid out the original block or of the surveyor who made the subdivision thereof, that there was a road on the north side of Subdivision 30 and on the south side of Subdivision 19, and a road along the east sides of No. 19 and No. 30. He further testified that the intersection of the roads at the northeast corner of Subdivision 30 was a recognized corner of the original grant, that he was instructed to locate the well 330 feet south of the north 80 acres of the west one-half of No. 30. He testified that he began his survey at said northeast corner and ran west 414 varas, thence south 1090.8 varas to the south line of the north 80 acres of the west one-half of No. 30, thence west 330 feet, and thence south 330 feet, at which place he made the location for the well in question. That the location was 1209.6 varas south of the north line of No. 30.

J. M. Arnett, County Surveyor of Jones County, a witness for appellants, also testified that he was unable to find any of the original markings of the old surveys, that he began his survey at what he understood to be the recognized southwest corner of the Grimes County School League No. 124, at the intersection of two roads, and ran up to the west line, along the road north 14½ degrees west, across three subdivisions up to the intersection of the roads and then ran north 75½ degrees east to the southwest corner of No. 19, about 4166⅔ varas from the west line of the league, for the southwest corner of No.

19. From there he ran north 14½ degrees west 1,000 varas to the northwest corner of No. 19, thence north 75½ degrees east to the east line of the league. Then he went back to the southwest corner of No. 19 and ran north 75 degrees east to the east line. He testified that he allocated to Subdivision No. 19 the full 1,000 varas north and south called for in the deed from Grimes County. He testified that after he had located the northwest corner of No. 19, he afterward made a survey of Subdivision No. 30. He began at the northwest corner of No. 19, and from there ran north 14½ degrees west to the south line of the DeWitt County School Land. It was the testimony of Mr. Arnett that the distance from the northwest corner of No. 19 to the Northwest corner of No. 30 was 1243.8 varas. The deed from Grimes County conveying Subdivision No. 30 called for 1200 varas from the northwest corner of No. 19 to the northwest corner of No. 30, but it also called for the south line of the DeWitt County School Land. We agree with appellants' contention that the call for the south boundary line of the DeWitt County School Land would control over the call for 1200 varas.

■ Mr. White, the Taylor County Surveyor, testified that he measured the distance from the center of the road on the south side of No. 19, across No. 19 and No. 30, to the center of the road on the north side of No. 30, and the distance was 2200 varas. Both surveyors agree that the distance north and south across No. 19 is 1,000 varas. They seem to agree that the center of the road along the south side of No. 19 is the south boundary line of said Subdivision and that the center of the road along the north side of No. 30 is the north line of that Subdivision. They both recognize the intersection of the roads running west along No. 30 and south along No. 30 as the northeast corner of the League and of Subdivision No. 30. It is also apparent from the record that the south line of the DeWitt County School Lands is the north line of Grimes County School Land and that this line is the center of the road along the north side of No.

30. Their testimony conflicts as to the distance across No. 30 north and south and as to the distance from the north line of No. 30 to the well. Under the testimony of Mr. White, the distance north and south across No. 30 is 1200 wares and under the testimony of Mr. Arnett, such distance is 1243.8 varas. Mr. White locates the well 1209.6 varas south of the north line of No. 30 while Mr. Arnett gives the location as approximately 1192 varas south of the north line of No. 30. It will thus be seen that there is a sharp conflict in the evidence upon these two questions. It is our opinion that this evidence raised an issue of fact for the jury. The jury having heard the evidence and found that the well was located on No. 19, and the evidence, when construed as a whole being sufficient to sustain such finding, we are bound thereby and have no authority to disturb it.

■ The contention of appellants that the court should have instructed the jury that the well was located on No. 30 cannot be sustained. The testimony of Mr. Arnett on that question is not conclusive. There being no original markers on the ground placed there by the original surveyor, he took occupancy as establishing the corners of the survey. In running the lines, he did not run exactly as called for in the field notes. Instead of running north 15 degrees west, he ran north 14½ degrees west. In another place, instead of running north 75 degrees east, as called for in the field notes, he ran north 75½ degrees east. Also, there was introduced in evidence a plat filed by Mr. Arnett with the Railroad Commission upon which he placed the well on Subdivision No. 19. It is true, as contended by appellants, that in running the distance from the northwest corner of 19 to the northwest corner of 30, the call to the south line of the DeWitt County School Land would control over the call for a distance of 1200 varas. If it had been conclusively established that in order to reach the south boundary line of DeWitt County School Land from the northwest corner of 19, it would be necessary to travel 1243.8 varas, then appellants' contention would be well taken. But as heretofore stated, the evidence on this

question is conflicting. There is evidence that such distance is 1200 varas. Consequently, the evidence was not conclusive but raised an issue of fact for the determination of the jury.

The court admitted in evidence, over the objections of appellants, a plat marked Exhibit 10, representing the survey of Subdivision 19 and 30 made by John A. White, County Surveyor of Taylor County. Appellants objected to the plat on the grounds that it was made without reference to any established or known corners of the surveys and because Mr. White did not attempt to follow the footsteps of the original surveyor. After the plat was admitted, the appellants moved to exclude it, together with all of the testimony of Mr. White, for substantially the same reasons. The court overruled the motion, appellants excepted and have properly presented the point here. Mr. White testified that he could not find any markers placed on the ground by the surveyors of the original grant or of the Subdivisions thereof. That the intersection of the roads at the northeast corner of No. 30 was the accepted and recognized corner of Grimes County School Land and of Subdivision No. 30. He began his survey there. The field notes in the deed from Grimes County conveying No. 19 and No. 30 both begin at the southwest corner of League No. 124, Grimes County School Land. He did not begin his work at the southwest corner. He testified that he did not know where the accepted southwest corner was located. A beginning corner is of no greater importance than any other point or corner.

"It is a matter of no consequence which corner or line of survey was first made, the real question being, did the surveyor mark the boundaries or corners defining the land involved? A survey may be constructed from any well-established point or corner found on the ground, and hence a beginning corner is of no greater weight or importance than any other point or corner which is as well established and identified." 7 Tex.Jur., p. 149.

The issue in the case was not the exact location on the ground of the boundary between No. 19 and No. 30, but the ultimate issue was on which of said Subdivisions the well was located. There was no fence between No. 19 and No. 30. There was nothing on the ground to indicate where the boundary between them was located. There being evidence that the well was situated 1209.8 varas from the north line of No. 30, then the controlling fact was the distance from the north line of No. 30 to the north line of No. 19. The surveyors were in agreement as to the location of the north line of No. 30, it being the center of the road along the north side of No. 30. In reconstructing the survey, we can see no objection to beginning at the northeast corner of No. 30 and going thence along the north line of No. 30 to the northwest corner of No. 30; thence south 1200 varas to the southwest corner of No. 30 and the northwest corner of No. 19, unless the distance from the northwest corner of No. 19 to the DeWitt County School Land is more than 1200 varas. Stated another way, if in surveying No. 30, the surveyor should begin at the northwest corner of No. 19; thence north to the DeWitt County School Land as called for in the field notes for the northwest corner of No. 30, it was necessary to travel more than 1200 varas in order to reach the south boundary line of the DeWitt County School Land, then in that event, it will be seen that to run the west line of No. 30 from the northwest corner of No. 30 1200 varas to the northwest corner of No. 19, would not be correct for the reason that a distance of 1200 varas south from the northwest corner of No. 30 would not reach the northwest corner of No. 19. However, there is evidence that the distance between these two corners is 1200 varas. Thus it will be seen that there was nothing improper in beginning the survey of No. 30 at its northeast corner. The Plat, Exhibit No. 10, was based upon the work of Mr. White in the field and was admissible. It was offered in connection with his testimony and was competent as illustrative and explanatory thereof. 7 Tex.Jur., p. 230. It is our opinion that the objections made to the Exhibit and to the testimony of Mr.

White went to the weight to be given the evidence and not to its admissibility.

We find no reversible error in the record and the judgment of the trial court is affirmed.